UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Salas v. Monsanto Co.*,<br>Case No. 21-cv-6173-VC<br><br>*Murdock v. Monsanto Co.*,<br>Case No. 20-cv-1363-VC<br><br>*Glavanovits v. Monsanto Co.*,<br>Case No. 20-cv-1016-VC<br><br>*Delorme-Barton v. Monsanto Co.*,<br>Case No. 18-cv-1427-VC | Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 285: ORDER ON MOTIONS TO EXCLUDE CERTAIN WAVE 5 EXPERTS AND FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16848, 16849, 16850, 16851, 16852, 16853, 16854, 16856, 16857, 16863, 16868, 16940, 16942, 16944, 16945, 16946, 16947, 16978 |

The parties have filed evidentiary and summary judgment motions in Wave 5 cases.

1. Monsanto's motions to exclude Drs. Knopf (*Salas*), Schiff (*Murdock* and *Glavanovits*), and Conry (*Delorme-Barton*) are denied for reasons stated in Pretrial Order No. 85. *Accord, e.g.*, Pretrial Order No. 262 (denying motion to exclude Dr. Schiff, noting "[w]hile the experts' opinions may be shaky in some regards, all are admissible, and Monsanto's challenges are best addressed through cross-examination rather than exclusion.").

2. Monsanto's renewed motions to exclude the testimony of Drs. Portier, Ritz, Weisenburger, Jameson and Sawyer are denied, subject to the limitations imposed on these experts in earlier rulings.

1

3. The plaintiffs' motions to exclude Drs. Smeda (*Salas*), Butts (*Murdock*), and Johnson (*Delorme-Barton*) are denied without prejudice. These witnesses generally are experts in the field of weeds and weeds management. They were not designated to opine on whether Roundup caused the plaintiffs' cancer. *See* Pretrial Order No. 202 at 2. Similarly, Salas's motion to exclude Dr. Schaeffer, an industrial hygienist, is denied without prejudice. *See* Opp. at 1 ("Dr. Schaeffer will not opine on causation in this case….").

4. The plaintiff in *Delorme-Barton* seeks to exclude Dr. Tarone from testifying because he was not disclosed as a retained expert under Rule 26(a)(2). But Dr. Tarone wasn't "retained" by Monsanto for litigation. Dr. Tarone grew critical of IARC's research methodology on his own and published two articles critiquing Monograph 112 and how IARC supposedly ignored exculpatory data that would have eliminated the basis to conclude glyphosate is a probable human carcinogen. The plaintiff argues that in 2015, Monsanto's attorney contacted Dr. Tarone's employer, the International Epidemiology Institute (IEI), to learn more about IARC's policies and procedures. And for a three-hour meeting with IEI's then-CEO and Dr. Tarone, Monsanto paid $1,500 to IEI. It does not appear that Dr. Tarone received any cut of that payment. Other courts presiding over Roundup cases have recognized that Dr. Tarone is a non-retained expert. *E.g.*, Order at 3, *Alesi v. Monsanto*, Case No. 19SL-CC03617 (Mo. Cir. Ct. Aug. 21, 2022); Order at 34–35, *Cabllero v. Monsanto*, Case No. MSC19-01821 (Cal. Super. Ct. Jan. 24, 2020). The motion is denied.

5. Also in *Delorme-Barton*, the plaintiff moves to exclude the testimony of Dr. Murphy, a hygienist and epidemiologist. The plaintiff mainly seeks to exclude Dr. Murphy from opining that her use of the Dial N' Spray did not produce "driftable droplets" because Dr. Murphy reached that conclusion simply by using a Dial N' Spray outdoors once and eyeballing for any droplets. *Id*. The plaintiff is correct that this method is not very scientific or reliable, so Dr. Murphy is precluded from presenting this observation to the jury.

Nonetheless, Dr. Murphy did do an analysis that assumed the Dial N' Spray hose attachment produced driftable droplets. And even under this assumption in the plaintiff's favor,

Dr. Murphy said his opinion remains unchanged—that the plaintiff's exposure to glyphosate was a small fraction of the regulatory limits for exposure set by California and the EPA. Opp. at 5–6. This analysis may be presented to the jury.

The plaintiff also criticizes Dr. Murphy for using, in part, Google Earth images of the plaintiff's four properties to calculate the square footage that she would have sprayed Roundup. The plaintiff argues that the landscaping on some of the properties might have been different than when she was living at those locations. Perhaps that's true, but whether the landscapes are materially different from when the plaintiff resided there and whether Dr. Murphy underestimated the volume of Roundup used by the plaintiff goes to the weight of his testimony, not its admissibility. The plaintiff may attempt to discredit Dr. Murphy's property footage calculations at trial by explaining, if true, that the landscapes are now different. Relatedly, the plaintiff's assertion that Dr. Murphy is improperly challenging her credibility by providing footage estimates inconsistent with her recollection is unfounded.

Accordingly, the motion is granted in part and denied in part. Dr. Murphy may testify about the matters stated in his report, save for his observation that the Dial N' Spray does not produce driftable droplets.

6. The Court is considering holding a *Daubert* hearing in *Delorme-Barton* for Dr. Tomasetti. The outcome of that hearing could affect the admissibility of the testimony of Drs. Navarro and Slack. The Court will update the parties on its views regarding these experts around the time of the *Daubert* hearings in the *Engilis* case.

7. In light of the foregoing and the Ninth Circuit's decision in *Hardeman*, Monsanto's motions and renewed motions for summary judgment on causation and non-causation grounds are denied in *Salas*, *Murdock* and *Glavanovits*. *See Hardeman v. Monsanto*, 997 F.3d 941, 955–56 (9th Cir. 2021); *id.* at 970–74. Suggestions of remand will be issued in these cases on or around August 30. The summary judgment motions in *Delorme-Barton* are also denied, and a suggestion of remand will be issued after the *Daubert* motions are resolved.

**IT IS SO ORDERED.**

Dated: August 21, 2023

VINCE CHHABRIA
United States District Judge